**APACHE STATE BANK et al. v. CADDO COUNTY BANK et al.**

No. 15145—Opinion Filed June 9, 1925.

1. **Banks and Banking—Drafts—Change of Contract Between Drawer and Drawee —Nonliability of Receiving Bank—Parties.**

Where the drawer of a bank draft and the party against whom the same is drawn enter into a new agreement as to the amount to be paid on said draft and enter into a new and independent agreement as to how the same shall be paid, the receiving bank, through which the same was sent for collection, is relieved from any further liability to either the drawer or the party against whom the same is drawn, named in the draft, and is not the real party in interest to maintain an action on account of any litigation arising over the transaction.

2. **Judgment—Conformity to Parties to Action—New Parties Through Revival.**

It is the duty of the trial court to enter its judgment in favor of and against the parties in whose names the cause has been revived, where, as in this case, the cause has been revived by proper order of court and a new party plaintiff and a new party defendant substituted for the original parties.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Caddo County; Will Linn, Judge.

Action by the Caddo County Bank against the Apache State Bank et al. Judgment for plaintiff. Defendants bring error. Reversed.

I. R. Mason, C. H. Carswell, and Starkweather & Croy, for plaintiffs in error.

M. W. McKenzie, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Caddo county, Okla., by the Caddo County Bank, a corporation, defendant in error, plaintiff below, against the Apache State Bank, a corporation, and J. W. Hannah, plaintiffs in error, defendants below, to recover a money judgment in the sum of $5,775.

The parties will be referred to as plaintiff and defendants as they appeared in the lower court.

The plaintiff in its petition, among other things, alleges that the First National Bank of Oklahoma City had in its possession and control, as collateral securities, 30 certificates of stock of the Apache State Bank, 15 shares of which stock belonged to J. A. Menefee and 15 shares to A. E. Foster, to secure certain indebtedness due it from them,

which stock was to be delivered to one J. W. Hannah by agreement of the parties upon his payment of the sum of $5,775, $4,950 of which was to be delivered to the First National Bank of Oklahoma City, the balance to be delivered to J. A. Menefee and A. E. Foster, which certificates were attached by the First National Bank of Oklahoma City to a draft drawn by it on J. W. Hannah and delivered to the plaintiff, the Caddo County Bank, for collection; that all the stock was indorsed in blank and that the plaintiff, the Caddo County Bank, having the drafts and certificates, heretofore mentioned, in its possession and having a special ownership therein, drew its draft on J. W. Hannah for the sum of $5,775 and attached the certificates thereto, together with five other shares owned by J. A. Menefee, and sent for collection to the Apache State Bank, one of the defendants herein, the certificates to be delivered to the said J. W. Hannah upon payment of the draft for the sum of $5,775; that said certificates of stock with draft attached were sent to and received by the Apache State Bank in the ordinary course of business; that upon receipt of said certificates of stock. the defendants, the Apache State Bank and J. W. Hannah, acting together with intent to cheat and defraud the plaintiff, without paying the sum of $5,775, converted said certificates of stock to their own use and refused to return and redeliver said stock to plaintiff upon lawful demand made therefor, and prayed judgment in the sum of $5,775.

Each of the defendants filed a separate answer to the amended petition. In the answer of the bank, among other things, it is alleged that there were two separate drafts drawn by J. A. Menefee on the defendant J. W. Hannah, one being for $825, to which five shares of stock of the Apache State Bank were attached, and one draft for $4,950, with 30 shares of stock of said bank attached thereto, which the Apache State Bank received for collection as the personal property of J. A. Menefee; that after the receipt of the same, the bank received instructions from its codefendant, J. W. Hannah, that a change had been made by the said Menefee and Hannah by which the total amount of said drafts was to be reduced to the sum of $4,900, and in accordance with said instructions the said Hannah paid the $4,900 to the Apache State Bank and the certificates of stock attached to the draft of J. A. Menefee were delivered to the defendant, J. W. Hannah; that, at the time said drafts were received by the defendant, 20 of the shares were standing upon the books of the bank in the name

of J. A. Menefee and 15 shares in the name of A. E. Foster, which last mentioned stock had been indorsed by Foster and was being handled by J. A. Menefee as his own; that it had no notice that any other person had any interest therein; that at said time J. A. Menefee, the drawer of the drafts, was indebted to the defendant bank in the sum of $4,000, in the form of a promissory note, executed by J. A. Menefee and payable to the said Apache State Bank, which note was unpaid and under the provisions of the statute of this state, the defendant bank had a lien on said stock for said indebtedness; that it was agreed between the said J. A. Menefee and J. W. Hannah that, in the purchase of the 35 shares of stock, $4,-000 of the purchase price thereon should be applied to the payment of the said $4,000 note; that the bank sent the said $4,000 note to the said J. A. Menefee and the sum of $900 in cash, being the total amount due the said J. A. Menefee under said settlement. Copies of the drafts drawn by J. A. Menefee against J. W. Hannah, payable to the order of the Caddo County Bank, were attached to and made a part of the petition.

The defendant J. W. Hannah, in his separate answer, alleges that J. A. Menefee was the owner of 75 shares of the capital stock of the Apache State Bank, and that A. E. Foster was the owner of 50 shares of said stock, and that 90 shares of said stock was in the possession of one R. C. Menefee of Kansas City, Mo., a brother of said J. A. Menefee, and that he, as president of the Apache State Bank, entered into negotiations with the said J. A. Menefee for the purchase of all the stock at the price of $165 per share; that R. C. Menefee drew a draft on him for 90 shares at the above price, and that J. A. Menefee drew the two drafts, heretofore mentioned, for the 35 shares of stock on the same basis; that he, at that time, had not accepted the said proposition to purchase the said stock at the price mentioned, but after the drafts were received at the Apache State Bank, he made an agreement with the said Menefees whereby they reduced the price of the said bank stock from the price of $165 per share to $140 per share; that he then paid the draft of R. C. Menefee on the basis of $140 per share and that he paid on the drafts of J. A. Menefee to the Apache State Bank the sum of $4,900 and received the 35 shares on the basis of $140 per share and had the same transferred to himself upon the books of the bank; that, at the time of the transaction, J. A. Menefee owed the bank $4,000, which he agreed to pay out of the proceeds received by him in this transaction and the $4,000 is credited upon his note as per agreement; that he had no knowledge of any claim of any bank in Oklahoma City to the said 35 shares, and no transfer of the stock from J. A. Menefee to said bank appeared on the books.

To the separate answers of the defendants, the plaintiff replied by way of general denial, and further alleged that the written instructions sent to the Apache State Bank with the drafts and stock were for collection and return of the amount of the draft; that, if J. A. Menefee made any agreement about the $4,000 note, he did so without any authority, and the defendant had no right to convert or appropriate the drafts or the certificates of stock to the payment of said note.

Upon these issues the cause was tried to the court, without the intervention of a jury, the jury having been specially waived. At the close of the testimony of plaintiff the defendants demurred to the evidence of the plaintiff. The court overruled the demurrer and the defendants reserved an exception. At the close of the testimony, the court made special findings of fact and conclusions of law, denying the right of plaintiff to collect for the 20 shares of stock in the name of J. A. Menefee, but rendered judgment against the defendant. Apache State Bank, for the 15 shares of stock standing in the name of A. E. Foster, at $140 per share, in the total sum of $2,100, and refused to grant any judgment against J. W. Hannah and dismissed the action as to him. From this judgment the Apache State Bank appeals.

While this cause was pending in the trial court, the Caddo County Bank became defunct and was taken over by the Bank Commissioner for the purpose of liquidation, and the Apache State Bank was converted into a national bank under the name of the American National Bank and under formal petition to the court, the court ordered that the cause be reviewed in the name of the real parties, and under said order the style of the cause was changed to State of Oklahoma ex rel. Joe H. Strain, Plaintiff, v. American National Bank, Defendant, but the court, in rendering its judgment, pronounced judgment in favor of the Caddo County Bank and against the Apache State Bank for the sum of $2,100, said sum being the amount found to be the value of 15 shares of capital stock of the Apache State Bank in the name of A. E. Foster, and did not use the names of the parties in the judgment in whose names the cause was revived.

Attorneys for defendant, Apache State Bank, set up seven assignments of error, which, in substance, are as follows: First, error in overruling the demurrer to the evidence; second, error in holding that the Caddo County Bank was a proper party to bring the action; third and fourth, error in rendering judgment against the Apache State Bank and in favor of the Caddo County Bank when the state of Oklahoma ex rel. Bank Commissioner, by order of court, had been made party plaintiff and the American National Bank, by order of court, had been made party defendant; fifth, error in holding that the assignment of stock in blank by A. E. Foster to J. A. Menefee did not divest Foster of his interest in same and invest Menefee with such an interest herein as to justify the defendant in dealing with Menefee alone in the entire transaction; and sixth and seventh, that the judgment is contrary to the law and evidence and the court erred in overruling motion for new trial.

The facts necessary to a decision in this case are clear and convincing and are undisputed, and are, in substance, as follows: That J. A. Menefee, president of the Caddo County Bank, owed a personal debt to the First National Bank of Oklahoma City and placed with said bank as collateral security for the payment thereof 15 shares of stock of the Apache State Bank, owned by him; that A. E. Foster, cashier of the Caddo County Bank, owed a debt to the First National Bank of Oklahoma City, and had placed as collateral security therefor 15 shares of stock of the Apache State Bank, owned by him; that J. A. Menefee entered into a tentative agreement with J. W. Hannah, president of the Apache State Bank, to sell all of said shares of stock together with five other shares of stock owned by him, individually, and 90 shares held by R. C. Menefee, of Kansas City, not included in the shares, above mentioned, at the price of $165 per share; that the First National Bank of Oklahoma City drew its draft through the Caddo County Bank for $4,950 against the said J. W. Hannah, and attached the 30 shares of stock, so held by it as collateral, to said draft and forwarded the same to the Caddo County Bank to be delivered to J. W. Hannah upon the payment of said sum. This draft was never presented or payment demanded of J. W. Hannah by the Caddo County Bank. J. A. Menefee then drew his draft against J. W. Hannah in favor of the Caddo County Bank for $4,950 and also drew a second draft in favor of the Caddo County Bank against J. W. Hannah for the sum of $825. The 30

shares of stock were then detached from the draft drawn by the First National Bank of Oklahoma City and attached to the larger draft, above mentioned, and five shares of stock, owned by J. A. Menefee, were attached to the smaller draft and sent by the Caddo County Bank to the Apache State Bank for collection. J. W. Hannah refused to pay the draft and gave as his reason therefor that he had not agreed to pay $165 per share. After correspondence and oral conferences and agreements, negotiated by J. A. Menefee, individually, it was agreed in writing that J. W. Hannah should take the bank stock and pay $140 per share thereunder, or $4,200 for the 30 shares, and $700 for the five shares, or a total sum of $4,900, and all the stock held in Kansas City at the same price.

At the time of this transaction, J. A. Menefee was indebted to the Apache State Bank in the sum of $4,000 and before said shares were transferred on the books of the bank the Apache State Bank canceled the note for $4,000 and sent said note and its draft to the Caddo County Bank for the sum of $900. The whole transaction was conducted by J. A. Menefee, and all parties, including the First National Bank of Oklahoma City, agreed to the reduction in the amount that was to be received by J. A. Menefee for the stock. The Apache State Bank had no knowledge that the First National Bank of Oklahoma City had any interest in said stock and the stock was all indorsed and placed in the hands of J. A. Menefee, and J. A. Menefee was the drawer of the draft on J. W. Hannah, to which said stock was attached, and sent to the Apache State Bank. The First National Bank of Oklahoma City was not made a party. Its vice president, Rex W. Peel, testified by deposition in the trial of the cause. A. E. Foster was present and testified, personally, in the cause and he was not made a party to the action. Neither J. A. Menefee, the First National Bank, nor A. E. Foster asserted any rights under the record in this case. By consent of all the parties, the draft drawn by the First National Bank against J. W. Hannah for $4,950, through the Caddo County Bank, passes out of the case by the subsequent agreement, above referred to, and it could have no cause of action against the Caddo County Bank because of said draft for the reason that the whole transaction had been changed by its subsequent agreement with J. A. Menefee. The draft drawn by J. A. Menefee for collection through the Caddo County Bank passes out of the case by virtue of the same subsequent agreement of all the

parties as it had no other or further interest in the transaction than as the agent and collector of J. A. Menefee, the drawer of the draft. The Caddo County Bank is not answerable, in any way, to A. E. Foster, its cashier, and is not liable to him in the transaction and, if liability attaches to any one on his account, this liability rests against J. A. Menefee, and, in our view of the case, the Caddo County Bank has no such interest in this action upon which it could maintain this cause, as under the subsequent agreement, where J. A. Menefee, personally, took over the whole transaction by and with the consent of all the parties, its liabilities to either J. A. Menefee, A. E. Foster, or the First National Bank ceased, and if any cause of action there exists against the Apache State Bank, or its successor, the American National Bank, it is in favor of J. A. Menefee, the First National Bank of Oklahoma City, and A. E. Foster, as they are the real parties in interest, neither of whom was made a party to this action.

We are, therefore, of the opinion that the court committed error in permitting a judgment to be entered in this cause in favor of the plaintiff, the Caddo County Bank.

The Caddo County Bank, at the time of this judgment, had become defunct and its assets were in the hands of the State Bank Commissioner. The Apache State Bank had gone out of existence and its successor, the American National Bank, had been organized and had taken over its assets, and the court committed error in entering judgment in this cause after the Bank Commissioner had been made a party plaintiff and the American National Bank had been made a party defendant in pronouncing judgment in favor of the Caddo County Bank and against the Apache State Bank, neither of which had any existence at the time of the entering of the judgment.

We are, therefore, of the opinion that the judgment of the lower court should be and is hereby reversed.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 620 (1926 Anno). (2) 33 C. J. p. 1105 (1926 Anno).